Common Pleas Court of Seneca County.

SENECA MORTGAGE CO. v. LEMERT W. DAVIS ET AL.

Decided April 3, 1929.

*James D. Watson* and *Vinton A. Bennehoff*, for plaintiff.
*Niles & Peters*, for defendant.

PLATT, J.

The question in this case arises on demurrer to the cross-petition of George N. Young and is a question involving the statute of limitations.

Section 5683 G. C. is a good example of the uncertainties and perplexities produced by a lack of clarity in the use of the King's English, if not, indeed, something worse —a lack of clarity in mental conception.

Section 5682 G. C. is quite clear, but we become involved in difficulties when contemplating Section 5683 G. C. The first impression naturally created in the mind of a lawyer in reading the latter section is that the legislative intent was to empower the one who had paid the taxes on the land of another and had complied with the two sections above named, to recover a personal judgment against the owner of the land for the amount of the taxes so paid, together with interest at eight per cent., but to limit his right to bring such action until one year had elapsed from the time of the payment. But what about the lien on the real estate created by Section 5682 G. C. in favor of the person so paying the taxes? Can it be said that Young could not only not have obtained a personal judgment against the defaulting owner of the realty within one year from the time of the payment, but that he was equally powerless to enforce his statutory lien until such lapse of one year? I must say that the legislature must have had in mind the distinction between the personal

judgment and the enforcement of the lien on the realty. It seems that Young's position in this case is somewhat analogous to that of a mortgagee having a promissory note executed to him by the owner of the realty and a mortgage on the land of his debtor to secure the payment of the note. He has two causes of action, one on the note to recover a personal judgment and one to enforce the lien on the land. So Mr. Young has two causes of action—one on the right created by the statute to recover a personal judgment for the amount of the taxes by him paid, with eight per cent. interest thereon, and another to enforce his lien. In this case, he is not seeking to recover a judgment, but is seeking only the enforcement of his lien. In my judgment, he could have enforced his lien at once, but could not recover the personal judgment until one year had elapsed from the time of the payment of the taxes.

While this is an interesting subject for research it is not necessary to solve it in this case in order to reach a conclusion.

After listening to the able arguments made by counsel, I am compelled to come to the conclusion that Mr. Young is too late in pursuing his remedy.

The remedy he is pursuing is purely statutory. Without the two sections above named, he would have neither the right to a lien on the real estate of the owner of the realty, nor a right to recover a personal judgment against such owner. In either sense, it is a liability created by statute.

There is no contractual language used in the tax certificate. It is simply a written authorization giving Young the right to pay the taxes on the real estate therein described. The *effect* of this written authorization is set forth in the two above named sections of the General Code, and this effect could not follow but for those two sections.

Even if the words employed in the certificate could be construed into a written contract, the action would be barred in sixteen years.

If we go back of the certificate and are definitely advised that the owner of the realty requested Mr. Young to pay her taxes, we are confronted with the legal difficulty that an action to recover on the common counts for money paid for the use and benefit of another is barred in six years.

One remedy on a mortgage,—the right of eviction,— is preserved for twenty-one years, but that is for the reason that a mortgage is a conditional conveyance,—a consideration that is not helpful to Mr. Young in this case. There is no conditional conveyance here.

It seems, therefore, that the limitation that applies in this case is that contained in Section 11022, General Code. "An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty shall be brought within six years after the cause accrued."

This is a liability created by statute. It is a lien created by statute.

"Such action may be brought by the person so paying the tax at any time after the expiration of one year from the date of the payment thereof" is a part of the language used in Section 5683, General Code. That language is quoted in argument and it is claimed from it that, inasmuch as there is no other limitation, the owner of the tax certificate is to suffer no further restriction upon his right to bring the action except that he must wait one year before he brings it.

The state confers a privilege upon him. It creates a lien in his favor. The owner of the tax certificate looks this gift horse in the mouth and construes a restricted privilege into a perpetual license.

If it were the legislative intent that the restrictions of Section 11222, General Code should not operate against the holder of a tax certificate, it would have been an easy matter to say so in language the meaning of which is clear, but there is no language at all to indicate that the restricted privilege is a perpetual favor. It simply means

.that he cannot take advantage of the statutory liability created in his favor for one year after the payment of the taxes. It is a restriction upon, and not an enlargement of, his right.

The cases in 56 O. S. page 175 and 58 O. S. 414-415 are quite decisive of the matter in controversy here.

The demurrer is sustained. Exceptions are noted.